52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$8,260.88 IN U.S. CURRENCY, Defendant,
Appeals of Rayburn D. POLLARD Jr., et al., Claimants.
 Nos. 93-3851, 93-3588.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided April 11, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In May, 1993, the government brought a civil forfeiture suit pursuant to 21 U.S.C. Sec. 881(a)(7) against property owned by Raymond Pollard, Jr. Pollard pled guilty to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). See United States v. Pollard, 965 F.2d 283 (7th Cir.1992). Pollard sold the property before the warrant of arrest in rem was served and the government then sought forfeiture of the proceeds of the sale. When Pollard's parents refused to turn over the money, the district court granted a government motion to show cause and ordered the Pollards to relinquish the money.
 
 
 2
 In August, 1991, Pollard and Pollard's parents filed individual claims to the money. All were represented by the same attorney. Claimants filed a motion to dismiss, which was denied, and then failed to file an answer to the complaint within twenty days as prescribed by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The government filed for entry of default judgment and mailed a copy of the motion to claimants' attorney. When no response to the motion for default judgment was filed, the district court granted default judgment in favor of the government.
 
 
 3
 Claimants then requested pro se that the district court set aside the default judgment. This request was denied. On appeal, claimants argue that the district court lacked jurisdiction to forfeit their property and that they demonstrated good cause for failing to reply to the complaint. We affirm.
 
 
 4
 District courts have original subject matter jurisdiction of forfeiture proceedings brought pursuant to 21 U.S.C. Sec. 881. 28 U.S.C. Secs. 1355-56; see also Linarez v. U.S. Dep't of Justice, 2 F.3d 208, 211 (7th Cir.1993) (statute pellucid); 1 David B. Smith, Prosecution and Defense of Forfeiture Cases p 9.01 (1994). The district court also had in rem jurisdiction over the property because the Marshal seized the property, Record at 19, and Claimants had notice of the procedings. See U.S. v. James Daniel Good Real Property, --- U.S. ----, 114 S.Ct. 492, 500, 503 (1993).
 
 
 5
 The only other question properly before us is whether the district court abused its discretion by denying Claimants' motion to vacate the default judgment under Rule 60(b). See Jones v. Phipps, 39 F.3d 158 (7th Cir.1994). To succeed, Claimants must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Claimants' counsel had notice of the default judgment and failed to respond. Other than his attorney's negligence, Claimants suggests no other theory demonstrating good cause. See United States v. 7108 West Grand Avenue, 15 F.3d 632, 633 (7th Cir.1994) (attorney's gross negligence does not establish good cause), cert. denied, 114 S.Ct. 2691 (1994); United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir.1989) (notice to attorney inures to the client). The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Claimant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record